IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JESSE BEN LUNA,

      Plaintiff,

     v.                                  No. CIV 09-0353 MCA/CEG

CHARLES LINDSEY,
GEORGE TAPIA,
AARON VIGIL,
AARON BELL,
OSWALDO MORA,
EUGENE MARTINEZ,
CODY MARTINEZ,
CELSO ARANJO,
NEW MEXICO CORRECTIONS DEPARTMENT,

      Defendants.

## MEMORANDUM OPINION AND ORDER

      This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), to review Plaintiff's civil rights complaint. Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons below, Plaintiff's claims against one Defendant will be dismissed.

      The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma,*

*Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)).  A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that the named individual Defendants used excessive force on Plaintiff, causing him serious injuries.  Plaintiff also names the New Mexico Corrections Department as a Defendant.  He contends that Defendants' actions violated his constitutional protections under the Eighth Amendment.  The complaint seeks damages and injunctive relief.

No relief is available on Plaintiff's claims against Defendant New Mexico Corrections Department.  As stated by the Court of Appeals for the Tenth Circuit,

> A cause of action under section 1983 requires the deprivation of a civil right by a "person" acting under color of state law. . . .  As we explained in *Harris* [*v. Champion*, 51 F.3d 901 (10th Cir. 1995)], "a governmental entity that is an arm of the state for Eleventh Amendment purposes" is not a "person" for section 1983 purposes.  Having sued only the [Department] . . . , [Plaintiff] has failed to state a claim against a person covered by section 1983.

*McLaughlin v. Bd. of Tr. of State Coll.*, 215 F.3d 1168, 1172 (10th Cir. 2000) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Harris*, 51 F.3d at 905-06 (10th Cir. 1995)).  "In these circumstances, the barrier is not Eleventh Amendment immunity--'[t]he stopper [is] that § 1983 creates no remedy against a State.' " *Prokop v. Colorado*, 30 F. App'x 820, 821 (10th Cir. 2002) (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997)).  The court will dismiss Plaintiff's claims against Defendant New Mexico Corrections Department.

IT IS THEREFORE ORDERED that Plaintiff's claims against Defendant New Mexico Corrections Department are DISMISSED with prejudice, and Defendant New Mexico Corrections Department is DISMISSED as a party to this action;

IT IS FURTHER ORDERED that the Clerk is directed to issue notice and waiver of service forms, with copies of the amended complaint (Doc. 13), for the individual Defendants.

_____
UNITED STATES DISTRICT JUDGE