UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

JESSE BEN LUNA,

        Plaintiff,

v.                                CIV 09-0353 MCA/CG

CHARLES LINDSEY, et al.,

        Defendants.

# ORDER GRANTING MOTION FOR EXTENSION AND
# FOR A *MARTINEZ* REPORT

        This is a this prisoner civil rights matter where presiding District Judge Armijo has dismissed the New Mexico Department of Corrections and directed service on the remaining eight individual defendants.  *See Doc. 14.*  When waivers of service were returned showing two of the defendants no longer employed at the penitentiary, I issued an order directing Plaintiff to provide the Court with their current addresses no later than December 31, 2009.  *See Docs. 16, 17, 23.*  He has not done so and he was advised that his failure to do so could result in their being dismissed without prejudice without further notice. *See Doc. 23* at 2.

        As for the other six individual defendants, the Court mailed waiver of service forms to them on September 16, 2009.  *See Docket Sheet* (Staff Note dated 9/16/09). Five were returned as executed and, therefore, as instructed on the form their "answer

or motion under Rule 12" was due "60 days from . . . the date" this Court mailed the

waiver. *Docs. 15, 18-21.* The sixtieth day fell on a Sunday, so their answers or motion

were due Monday, November 16, 2009. *See* FED. R. CIV. P. 6(a)(1), (a)(3).

No answers or motions were timely filed. And, because the last remaining

defendant did not return his waiver, this Court ordered personal service for him. *See*

*Doc. 23.* Later, counsel entered an appearance on behalf of each of the six remaining

defendants. She filed the waiver that had not been previously filed, requested leave to

file a late answer on their behalf, and simultaneously filed the Answer. *See Docs. 25-*

*29.* Plaintiff filed a "reply" to the Answer, which reiterates the basis for his Eighth

Amendment claim and argues that his pleadings do state a claim on which relief can be

granted. *See Doc. 30.*

Defendants' motion for an extension asserts that due to an "oversight and

misunderstanding" and not as a result of "bad faith, or with any intent to delay this

proceeding" unnamed persons at the New Mexico Corrections Department mistakenly

applied a New Mexico statute "which requires service of process to be made upon the

attorney general." *Doc. 28* at 1. Under Rule 6(b)(1)(B), this Court "may, for good

cause" extend the time to answer, if the failure to do so was "because of excusable

neglect." *See also Brown v. Fisher,* 251 Fed. App'x 527, 533 (10th Cir. 2007) ("Under

Rule 6(b) of the Federal Rules of Civil Procedure, the district court may permit the late

filing of an answer if it finds the late filing resulted from "excusable neglect."), *cert.*

*denied,* 129 S. Ct. 70 (2008). I find good cause due to excusable neglect for the

reasons asserted by counsel, and therefore grant the motion. Thus, all remaining

defendants have been served and answered.

Plaintiff's Amended Complaint alleges that, due to a misinterpretation of his behavior, Defendants Lindsey, Aranjo, Mora, Vigil, and Bell (as well as the two unserved defendants) used excessive force while extracting him from a smoke-filled cell and transporting him to medical unit.  He alleges that he was treated for these injuries as well as smoke inhalation at the hospital.  However, Plaintiff makes no specific allegation against Defendant Tapia and refers in other allegations to "defendants" without identifying them.  *See Doc. 13* at 4-8.

His "reply" to the Answer asserts that, although the "decision to use force was justifiable, [the] force used [under the] circumstances [was] badly out of proportion to the need," *Doc. 30* at 3, and asserts that each of the six remaining defendants "violated the Eighth Amendment by using an unreasonable amount of force, striking me in the head and back with metal fire extinguishers [and] the force was applied maliciously and sadistically in that I had already been subdued and restrained in leg shackles and hand cuffs," *id.* at 1.  While he included Defendant Tapia by interlineation in this list of "defendants" who violated the Eighth Amendment, *see id.*, it is plain from the other assertions in his reply, that he is seeking to hold Warden Tapia responsible on a respondeat superior theory.  For example, he  asserts that he filed a grievance, "wrote numerous letters to Warden Tapia" but that "prison officials showed a deliberate indifference by refusing to acknowledge the harm caused by state government officials." *Id.* at 3.

Under *Martinez v. Aaron,* 570 F.2d 317, 320 (10th Cir. 1978), this Court may order defendants to investigate the incident or incidents underlying Plaintiff's lawsuit and submit a report of their investigation in order to develop a factual or a legal basis for

3

determining whether a prisoner plaintiff has a meritorious claim.  *See, e.g., Gee v. Estes,* 829 F.2d 1005, 1007 (10th Cir. 1987).  A *Martinez* Report may be used in a variety of contexts, including motion for summary judgment or *sua sponte* entry of summary judgment.  When a *Martinez* Report is used for summary judgment purposes, the *pro se* plaintiff must be afforded an opportunity to present conflicting evidence to controvert the facts set forth in the report.  *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991).

Although find that a *Martinez* Report is warranted, I will also be recommending in a separate document that the unserved defendants be dismissed for Plaintiff's failure to cure, the claim for damages against defendants in their official capacities be dismissed as was the New Mexico Department of Corrections, and that Warden Tapia be dismissed because he cannot be held liable based on his supervisory status.

Wherefore

**IT IS HEREBY ORDERED** that Defendants' motion for an extension *(Doc. 28)* is GRANTED.

**IT IS FURTHER ORDERED** that Defendants file a *Martinez* Report in accordance with the instructions below:

1. Defendants' comprehensive *Martinez* Report shall address all of Plaintiff's allegations and should include, but is not limited to: whether prison documents or other records pertaining to the events exist; whether prison policies or regulations address the situation; and whether outside medical records exist;

2. If such documents and records do exist, Defendants shall include copies of them as attachments to the *Martinez* Report, arranged in a logical order and Bates-stamped, or otherwise be clearly serially marked;

3. Defendants must provide affidavits to properly authenticate submitted documents, and may also submit other affidavits in support of the *Martinez* Report;

4. The submission of documents alone shall not be considered in compliance with this Order.  Defendants are expected to also prepare the "report" portion of the *Martinez* Report that discusses the claims and the submissions that relate to them;

5. The Court is aware that materials contained in corrections files may be sensitive and that there may be valid reasons for keeping such information secret.  As such, Defendants may redact confidential portions of documents submitted with the *Martinez* Report and provide that version to Plaintiff.  Alternatively, they may request that Plaintiff not be permitted to review certain portions of the *Martinez* Report and its attachments.  If so, Defendants must make their objections to the Court fourteen (14) days prior to the *Martinez* Report filing and service date below.  The entire *Martinez* Report must be submitted along with the objections, both under seal, to the Court for ruling if they elect this option;

6. Given the detail required above, the Court will give ample time for the Defendants to accomplish this task.  Defendants shall file and serve their *Martinez* Report no later than Friday, March 5, 2010;

7. Plaintiff shall file and serve his response to the *Martinez* Report no later than Friday, April 2, 2010; and

8. Defendants shall file and serve their reply, if any, no later than Friday, April 16, 2010.

**THE PARTIES ARE HEREBY GIVEN NOTICE that the *Martinez* Report may be used in deciding whether to grant summary judgment on Plaintiff's claims, whether by motion or _sua sponte_; as such, the parties should submit whatever materials they consider relevant to Plaintiff's claims.  *See Hall,* 935 F.2d 1106.**

_____
UNITED STATES MAGISTRATE JUDGE