UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

JESSE BEN LUNA,

    Plaintiff,

v.                                              CIV 09-0353 MCA/CG

CHARLES LINDSEY, et al.,

    Defendants.

# INITIAL PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

    In my order granting an extension and for a *Martinez* Report, I noted that I would be recommending dismissal of certain defendants and claims. Accordingly, because Plaintiff failed to comply with the Court's order to cure, and because he was forewarned that failure to do so could result in dismissal, I recommend that Defendants Eugene Martinez and Cody Martinez be dismissed. *See Doc. 23.*

    Also, this case is proceeding under the *in forma pauperis* statute, which provides "the court shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915 (e)(2); *see also Doc. 8.* I note that Plaintiff is suing defendants in their individual and official capacities, and seeks damages only. *See Doc. 13* at 2, 27. His demand for declaratory relief is simply a request that the alleged excessive force be

found to rise to the level of an Eighth Amendment violation and that he be awarded damages as a result thereof.  As presiding District Judge Armijo previously noted, no relief is available against the New Mexico Department of Corrections.  *See Doc. 14* at 2.  Likewise, a prisoner civil rights action under §1983 against New Mexico Department of Corrections wardens or correctional officers in their official capacities are actually suits against the state.  As such, damages are not recoverable against the individual defendants in their official capacities.  *E.g., Tarrant Regional Water Dist. v. Sevenoaks,* 545 F.3d 906, 910-11 (10th Cir. 2008); *Trujillo v. Williams,* 465 F.3d 1210, 1223-24 (10th Cir. 2006).  Thus, the official capacity claims against all Defendants should be likewise be dismissed.

Finally, it is plain that Plaintiff's claims against the Warden Tapia rest solely on a *respondeat superior* theory.  For example, Plaintiff failed to specify any conduct concerning the warden in his Amended Complaint.  *See Doc. 13.*  In a later document, he included the warden as an obvious afterthought in the list of those who allegedly violated his Eighth Amendment rights by excessive force, and asserts that Warden Tapia was the person to whom he complained yet received no acknowledgment of the harm caused by the beating.  See *Doc. 30.*  However,

> [i]ndividual liability under 42 U.S.C. § 1983, must be based upon personal participation of the individual in the alleged constitutional violation.  *See Foote v. Spiegel,* 118 F.3d 1416, 1423-24 (10th Cir.1997); *Mitchell v. Maynard,* 80 F.3d 1433, 1441 (10th Cir. 1996). There must be an affirmative link between the alleged constitutional violation and the defendant's own participation or failure to supervise. *Butler v. City of Norman,* 992 F.2d 1053, 1055 (10th Cir.1993).

*Whitington v. Ortiz,* 307 Fed. App'x 179, 190 (10th Cir. 2009).

By Plaintiff's own allegations, Warden Tapia only became "involved" in the

allegedly unconstitutional incidents after the fact, due to being the recipient of Plaintiff's grievances.  But, the fact that a warden knows of the inmate's situation is "insufficient to establish the required personal participation" – "the fact that [Plaintiff] sent a grievance or written complaint directly to the warden of a large institution would be insufficient to make the necessary link," *id.* at 192, and there are no unusual facts presented by Plaintiff's claims to find otherwise.  Thus, the individual capacity claims against Warden Tapia should be dismissed.

Wherefore,

**IT IS HEREBY RECOMMENDED THAT:**

1. Defendants Eugene Martinez and Cody Martinez be dismissed from this action for Plaintiff's failure to cure by supplying their addresses;

2. The official capacity claims against all defendants be dismissed under 28 U.S.C. § 1915 (e)(2) for failure to state a claim; and

3. The individual capacity claims against Defendant Tapia be dismissed under 28 U.S.C. § 1915 (e)(2) for failure to state a claim and Defendant Tapia be dismissed from this action.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE